AO 440 (Rev. 12/09) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Southern District of New York

| | |
|---|---|
| Travis Hatchett <br> *Plaintiff* <br> v. <br> Midwest Carriers, LLC <br> *Defendant* | ) ) ) ) ) ) ) )   Civil Action No. |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*   Midwest Carriers, LLC
2200 Minnehaha Avenue
Minneapolis, MN, 55404

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:   KELNER & KELNER, ESQS.
140 Broadway, 37th Floor
New York, New York 10005
(212) 425-0700

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

J. MICHAEL McMAHON
*CLERK OF COURT*

Date: JAN 2 8 2010

*Catherine Lapsley*
*Signature of Clerk or Deputy Clerk*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
TRAVIS HATCHETT,

         Plaintiff,

-against-

MIDWEST CARRIERS, LLC,

         Defendant.
------------------------------------------------------------X

Docket No.:

**VERIFIED COMPLAINT**

RECEIVED JAN 28 2010 S.D.C. S.D.N.Y. CASHIERS

10 CV 686

    Plaintiff, TRAVIS HATCHETT, by his attorneys, KELNER & KELNER, ESQS., as and for his Verified Complaint in the above-captioned matter, hereby alleges as follows upon information and belief:

    1.    At all times herein mentioned, plaintiff TRAVIS HATCHETT was and remains a resident of the State of Delaware.

    2.    At all times herein mentioned, defendant MIDWEST CARRIERS, LLC, was and remains a limited liability company, duly organized and existing under and by virtue of the laws of the State of Minnesota.

    3.    Insofar as neither of the parties to this action is a resident of the State of New York, this Court has original jurisdiction pursuant to CPLR §1332.

    4.    The motor vehicle accident from which this action arises took place in the Southern District of New York.

    5.    At all times herein mentioned, defendant MIDWEST CARRIERS, LLC, was doing and/or transacting business in the State of New York.

    6.    At all times herein mentioned, defendant MIDWEST CARRIERS, LLC, took

actions outside the State of New York that it knew or should have known would have consequences within the State of New York.

7. Defendant MIDWEST CARRIERS, LLC, by and through its agents, servants, and/or employees committed a tort within the State of New York.

8. At all times herein mentioned, defendant MIDWEST CARRIERS, LLC, was the registered owner of a certain motor vehicle, bearing the North Carolina license plate number L41214 (hereinafter "defendant's motor vehicle").

9. At all times herein mentioned, defendant MIDWEST CARRIERS, LLC, was the title owner of defendant's motor vehicle.

10. At all times herein mentioned, a certain Abdikadir Ali Liban ("Liban") was the registered owner of defendant's motor vehicle.

11. At all times herein mentioned, Liban was the title owner of defendant's motor vehicle.

12. At all times herein mentioned, MIDWEST CARRIERS, LLC, by and through its agents, servants, and/or employees, operated defendant's motor vehicle.

13. At all times herein mentioned, MIDWEST CARRIERS, LLC, managed defendant's vehicle.

14. At all times herein mentioned, MIDWEST CARRIERS, LLC, maintained defendant's motor vehicle.

15. At all times herein mentioned, MIDWEST CARRIERS, LLC, controlled defendant's vehicle.

16. At all times herein mentioned, defendant Liban was employed by MIDWEST

CARRIERS, LLC.

17. At all times herein mentioned, defendant Liban was a contractor, engaged, by MIDWEST CARRIERS, LLC.

18. At all times herein mentioned, defendant Liban was subject to the direction and control of MIDWEST CARRIERS, LLC.

19. At all times herein mentioned, defendant Liban was acting in the course of his employment with and/or by MIDWEST CARRIERS, LLC.

20. At all times herein mentioned, defendant Liban operated defendant's motor vehicle with the permission and/or consent, express and/or implied, of MIDWEST CARRIERS, LLC.

21. At all times herein mentioned the Cross Bronx Expressway, at or near Castle Hill Road, in the County of Bronx, State of New York, was and remains a public thoroughfare (hereinafter "the accident site").

22. On March 19, 2007, at approximately 2:00 p.m., plaintiff TRAVIS HATCHETT was operating a certain 2005 motor vehicle, bearing the New York State license plate number 67357PA, at or near the accident site ("plaintiff's motor vehicle").

23. At the aforesaid time and place, a certain Biron William Hailey was operating a vehicle owned by T&M Transportation, LLC, at or near the accident site (hereinafter "the T&M motor vehicle").

24. At the aforesaid time and place, Liban was operating defendant's motor vehicle at or near the accident site.

25. At the aforesaid time and place, the T&M motor vehicle and defendant's motor

vehicle motor were in contact with one another.

26. At the aforesaid time and place, Hailey caused the T&M motor vehicle to come in contact with defendant's motor vehicle, and/or contributed thereto.

27. At the aforesaid time and place, defendant's motor vehicle was in contact with plaintiff's motor vehicle.

28. At the aforesaid time and place, defendant's motor vehicle struck plaintiff's motor vehicle.

29. At the aforesaid time and place, Liban caused, permitted, and/or allowed defendant's motor vehicle to strike plaintiff's motor vehicle, and/or contributed to the occurrence thereof.

30. As a result of the foregoing, plaintiff TRAVIS HATCHETT was caused to sustain severe, serious, and permanent personal injuries.

31. The causes of action set forth herein are not subject to Article 16 of the CPLR, and/or come within one or more of the stated exceptions thereto set forth in CPLR § 1602..

32. The injuries sustained by plaintiff TRAVIS HATCHETT constitute a serious injury, as defined by §5102(d) of the Insurance Law of the State of New York, and/or the economic loss resulting therefrom will exceed basic economic loss, as defined by §5102(a) of the Insurance Law of the State of New York.

33. The aforesaid occurrence was proximately caused by the negligence of defendant MIDWEST CARRIERS, LLC, its agents, servants, and/or employees, in the ownership, operation, management, maintenance, and control of defendant's motor vehicle.

34. As a result of the foregoing, plaintiff TRAVIS HATCHETT has sustained

damages in the amount of TEN MILLION DOLLARS ($10,000,000.00).

WHEREFORE, plaintiff demands judgment against defendant on the first cause of action in the amount of TEN MILLION DOLLARS, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated: New York, New York
      January 27, 2010

Yours, etc.,

KELNER & KELNER, ESQS.

By: _____
Joshua D. Kelner (JK-3303)
140 Broadway, 37th Floor
New York, New York 10005
(212) 425-0700

Case 1:10-cv-00686-PKC   Document 1   Filed 01/28/2010   Page 7 of 7